UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MICHELLE L. P.,

                Plaintiff,

    v.                                        5:24-cv-00882 (AMN/TWD)

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

---

**APPEARANCES:**                                      **OF COUNSEL:**

**HILLER COMERFORD**
**INJURY & DISABILITY LAW**                  **JUSTIN GOLDSTEIN, ESQ.**
6000 N. Bailey Ave., Suite 1A
Amherst, New York 14226
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**    **JASON P. PECK, ESQ.**
**OFFICE OF GENERAL COUNSEL**
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On July 17, 2024, Plaintiff Michelle L. P.[1] commenced this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

Security ("Commissioner") denying her application for disability insurance benefits and supplemental income for lack of disability ("Complaint").  Dkt. No. 1.[2]

This matter was referred to United States Magistrate Judge Therese Wiley Dancks, who, on July 25, 2025, recommended that the Court deny Plaintiff's motion for judgment on the pleadings, Dkt. No. 11, grant the Commissioner's motion for judgment on the pleadings, Dkt. No. 14, dismiss the Complaint, Dkt. No. 1, and affirm the Commissioner's decision.  Dkt. No. 16 ("Report-Recommendation").  Magistrate Judge Dancks advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 20.  Plaintiff filed timely objections on July 31, 2025, Dkt. No. 17, and the Commissioner filed a response to Plaintiff's objections on August 14, 2025.  Dkt. No. 19.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'"  *Petersen*, 2 F. Supp. 3d at 228 (quoting N.D.N.Y. Local Rule 72.1(c)).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See id.* at 229 (citing Fed. R.

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.   DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which neither Party has raised a specific objection, finding no clear error therein, including the background and legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this Memorandum-Decision and Order. *See* Dkt. No. 16 at 1-7.

As relevant here, Magistrate Judge Dancks found, contrary to Plaintiff's arguments, that the administrative law judge ("ALJ") adequately articulated his consideration of the persuasiveness of certain medical opinion evidence, and that substantial evidence supported the ALJ's findings. *See* Dkt. No. 16 at 19.

Plaintiff makes two objections in her submission. First, Plaintiff objects to Magistrate Judge Dancks' finding that the ALJ properly determined that the prior administrative medical findings ("PAMFs") of Drs. Abueg and Naroditsky were persuasive. Dkt. No. 17 at 1-6. Specifically, Plaintiff argues that the ALJ failed to address whether the PAMFs are "stale" because the records reviewed by Drs. Abueg and Naroditsky included evidence of decreased sensation in

3

the bilateral feet, whereas the records submitted after the drafting of the PAMFs included evidence of no sensation. *See id.* at 2. Plaintiff made this argument before Magistrate Judge Dancks, so the objection is subject to clear error review. *Compare id.* at 1-6, *with* Dkt. No. 11 at 21-23.

In the Report-Recommendation, Magistrate Judge Dancks concluded that the ALJ's assessment "properly addressed the most important factors of consistency and supportability regarding the opinions of Dr. Abueg and Dr. Naroditsky." Dkt. No. 16 at 12 (internal citation and quotations omitted); *see also Loucks v. Kijakazi*, No. 21-cv-1749, 2022 WL 2189293, at *2 (2d. Cir. June 17, 2022) (summary order) (noting that an ALJ's failure to explain the supportability and consistency of the medical opinions in the record is procedural error). In particular, Magistrate Judge Dancks rejected Plaintiff's staleness argument, concluding that the ALJ had in fact properly considered whether the doctors' PAMFs were consistent with the overall record and supported by other medical evidence. *See* Dkt. No. 16 at 10-11; *see also Brian K. v. Comm'r of Soc. Sec.*, No. 24-cv-26, 2025 WL 18718, at *6 (N.D.N.Y. Jan. 2, 2025) (noting that the ALJ "need not disregard a medical opinion just because evidence was entered into the record post-dating the opinion"; rather, "the key inquiry is the consistency of the opinion with the later-generated evidence") (citing *Camille v. Colvin*, 652 F. App'x 25, 28 n.4 (2d Cir. 2016)). The Court finds no clear error in the treatment of this argument in the Report-Recommendation.

Second, Plaintiff objects to Magistrate Judge Dancks' finding that the ALJ properly determined, based on substantial evidence, that the medical opinion of consultative examiner, Dr. Fkiaras, was "less persuasive." Dkt. No. 16 at 12; *see* Dkt. No. 17 at 6-9. Specifically, Plaintiff argues that the ALJ's conclusion that Dr. Fkiaras' evaluation relied heavily on Plaintiff's subjective self-reports was speculative. Dkt. No. 17 at 7. Plaintiff also made this argument before

4

Magistrate Judge Dancks, so this objection is subject to clear error review.  *Compare id.* at 6-9 to Dkt. No. 11 at 14-15 and Dkt No. 15 at 3-4.

In the Report-Recommendation, Magistrate Judge Dancks concluded that the ALJ reasonably interpreted Dr. Fkiaras' opinion to rely in large part on Plaintiff's self-report of symptoms and limitations.  Dkt. No. 16 at 13-19; *see also Davis v. Comm'r of Soc. Sec.*, No. 16-cv-1074, 2017 WL 7049560, at *5 (N.D.N.Y. Nov. 20, 2017) (finding that an ALJ may give less persuasive weight to a medical opinion "based largely upon the subjective statements of a plaintiff").  Moreover, Magistrate Judge Dancks concluded that the ALJ's decision adequately assessed whether Dr. Fkiaras' opinion was consistent with other medical evidence, noting that the ALJ identified findings and treatment records from Plaintiff's longitudinal medical record, Plaintiff's consultative evaluation, Plaintiff's "generally conservative" treatment, Plaintiff's activities of daily living, and other physical examinations.  *See* Dkt. No. 16 at 17-19.  Indeed, the ALJ's decision did not speculate that Dr. Fkiaras' opinion was based on subjective complaints, but instead, "properly articulated his consideration of the medical opinion evidence" without relying on his own judgment or lay opinion.  *Id.* at 13.  The Court finds no clear error in the Report-Recommendation's treatment of Dr. Fkiaras' medical opinion.

Accordingly, the Report-Recommendation is adopted in its entirety.

## IV.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 16, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motion, Dkt. No. 11, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's motion, Dkt. No. 14, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 3, 2025
       Albany, New York

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge